[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT LIVINGSTON'S MOTION FOR SUMMARY JUDGMENT
This matter has appeared before me on two separate occasions. CT Page 5284-SSSSSSS The defendant Livingston had a contract to clear snow by plowing from a parking lot and was obligated to do so when an inch of snow had fallen. Also the defendant was obligated to spread sand or other abrasive material when requested by the property owner. The plaintiff fell in the parking lot due to what she claims was its icy and unsafe condition.
There is no dispute between the parties as to the fact that the defendant received no request from the owner to spread sand. The plaintiff does claim that on February 6, 1993, two days before he fell and was injured one inch of snow had fallen. The plaintiff asserts that the standard of care rightfully imposed on the defendant is to be determined by the contractual arrangements. The defendant does not appear to dispute this for the purposes of this motion. The uncontroverted evidence submitted to the court on the defendant's motion for summary judgment is that contrary to the assertions of the amended complaint the defendant had no duty to remove accumulated ice from the parking lot, inspect the lot for ice, or to warn users of the lot of its dangerous condition. Neither is there a claim that the owner told the defendant to spread abrasive material. As noted then the only basis to support liability would be evidence to the effect that one inch of snow had fallen and the defendant did not remove it as he was contractually obligated to do so.
The standards to be used on a motion for summary judgment are well-known. Such a motion cannot be granted if there is a genuine issue of material fact to be decided.
In moving for summary judgment the defendant did not present any affidavit or other evidence to try to establish on or about the date of the accident an inch of snow had not fallen. This is not surprising since from reading the complaint there is no indication that a specific allegation was made that the defendant was negligent because it had snowed one inch or more and the defendant had failed to remove the snow. The plaintiff rather almost could be said to amend or make explicit the grounds of its complaint against the defendant by alleging one inch of snow fell prior to the accident and thus there was a violation of the standard of care imposed by contract on the defendant.
The plaintiff herself brings up the claim that one inch of snow fell February 6th and due to the cold no melting occurred of any snow until February 8th when the fall took place. The plaintiff presented an affidavit from an expert to the effect CT Page 5284-TTTTTTT that an estimated one inch of snow fell in Guilford on February 6 and that due to the coldness of the weather the snow would not have melted by February 8, 1993 the date of the fall.
The expert states he is a "Certified Consulting Meteorologist of the American Meteorological Society" and the affidavit goes on to render opinions that are commonly given by meteorologists. The court has been provided with no counter affidavit challenging the expertise status of the plaintiff's expert. At the summary judgment stage the court cannot hold mini hearings to pass on the qualifications of an expert.
The question then becomes if this individual can present opinions to the court based on expertise can the court rely on the opinion in trying to determine if there is a genuine issue of material fact which would prevent the granting of the defendant's motion for summary judgment.
At the conclusion of the trial evidence juries are traditionally told that the jury "must reject the opinion of an expert to the extent that it is based on subordinate facts which they do not find proven," Nash v. Hunt, 166 Conn. 418, 426
(1994). Two issues are raised by this at this summary judgment stage of the proceedings. First will the opinion of the expert suffice or must he or she refer in the affidavit to the facts relied upon to support the opinion? Clearly an expert can rely on hearsay or material otherwise not admissible at trial; the question really is what requirements, if any, are imposed on the expert submitting an affidavit in a summary judgment proceeding to explicitly refer to the actual facts relied upon to reach the opinion offered.
In this regard the recent case of Barrett v. DanburyHospital, 232 Conn. 242, 251- 252 (1995) said some interesting things but perhaps left some issues open:
 "For the purposes of an expert's opinion, the expert's personal knowledge' of the `facts' is comprised of those materials on the basis of which he properly may render his opinion. . . . These materials include those on the basis of which the expert forms an opinion, and include such hearsay as medical records."
Perhaps even more to the point the court goes on to say: "Furthermore, an expert's opinion is, for the purposes of § CT Page 5284-UUUUUUU 381, a `fact' that would be admissible at trial, assuming that the expert is qualified to render such an opinion", id. page 252. Taken literally I suppose this statement could mean that an otherwise qualified expert could submit an affidavit stating a barebones opinion without any reference to the facts or underlying materials upon which the opinion is based. Unless the non-moving party comes up with a counter affidavit stating a contrary opinion — which likewise need not refer to any factual basis — summary judgment would be granted. But how is opposing counsel to secure an expert to prepare a counter affidavit if he or she is not informed of the basis of the moving party's expert opinion either because no underlying supportive facts are given or in a mass of materials attached to an affidavit the portion relied on to form the opinion are not alluded to in the affidavit? The right to submit a counter affidavit is somewhat illusory in such circumstances. But if a literal reading ofBarrett is correct the court does not believe it is faced with such problems here. In her brief of January 24, 1996 the plaintiff attaches the documents which counsel represents the expert relied upon. The expert's affidavit of May 16, 1996 makes clear to the court that in fact these were the documents relied upon to reach his opinion. The documents are not voluminous, seem to set forth pertinent data relative to the opinion that is offered, and certainly would have permitted the defendant to secure his own expert to counter the opinion of the plaintiff's expert.
Even if Barrett leaves open the possibility that the court can reject the opinion of a qualified expert at summary judgment proceedings if no basis for his or her opinion is given, I cannot say that is true here. Whether one inch of snow fell at or near the time of the accident is the important question. A February 6, 1993 record from the Bridgeport station of the National Weather Service indicates 9/10 of an inch plus a trace fell on that date. But that is liquid precipitation which is not translated into snow accumulation. Also the court will take judicial notice of the geography of our state and the location of towns from west to east. One document is entitled: "Snowfall and Snow on the Ground in Inches." On February 6, 1993 Bridgeport is listed as having 9/10 of an inch which correlates with the record just mentioned. Guilford lies on the coast to the east of Bridgeport. An examination of this document indicates Groton which also lies on the coast well east of Bridgeport and further down the shore than Guilford received a 2 inch snowfall on February 6th. Jewitt City and Mansfield Hollow not on the coast but further to the east CT Page 5284-VVVVVVV than Bridgeport received respectively a 1.5 and a 1 inch snowfall. Given the fact that the plaintiff's expert is qualified I cannot say that there is no factual basis for his opinion or that his opinion is devoid of any credible backing.
Therefore if under Barrett an opinion qua opinion is a sufficient "fact" to avoid summary judgment even if there is no basis for the opinion in the expert report or even if underBarrett there may still be a bare minimum threshold of factual reference that the expert must base his opinion on — under either test I cannot grant the defendant's motion for summary judgment.
Corradino, J.